FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2011 JUN 24  PM 4: 13

LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

# FELONY

## INDICTMENT FOR CONSPIRACY TO COMMIT MAIL FRAUD, MAIL FRAUD, CONSPIRACY TO COMMIT MONEY LAUNDERING, AND MONEY LAUNDERING

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. **11 - 157** |
| v. | * | SECTION: **SECT. C MAG. 5** |
| DOMINICK FAZZIO | * | VIOLATIONS: 18 USC § 2 |
| | | 18 USC § 371 |
| | * | 18 USC § 1341 |
| | | 18 USC § 1956(h) |
| | * | 18 USC § 1957 |

\*   \*   \*

The Grand Jury charges that:

### COUNT 1

A.   **AT ALL TIMES MATERIAL HEREIN:**

1.   **DOMINICK FAZZIO** (hereafter referred to as **"FAZZIO"**), was an individual residing and doing business in Louisiana.

2.   Garner Services, L.L.C. (hereafter referred to as "GSL"), was a construction management company and a non-Louisiana corporation doing business in the State of Louisiana and other states in the United States.

Fee __U S A__
__Process_____
x_ Dktd _____
__CtRmDep_____
__Doc. No._____

3.      Mark J. Titus (hereafter referred to as Titus), was the Chief Operating Officer and part owner of GSL.

4.      W.C.S., Inc. was a business incorporated in the State of Louisiana. **FAZZIO** was the Registered Agent, Director, and an officer of W.C.S., Inc.

5.      Crescent City Materials and Hauling, L.L.C. (hereafter referred to as CCMH), was a Limited Liability Company registered in the State of Louisiana. **FAZZIO** was the Registered Agent and Manager of CCMH.

6.      TLT Properties, L.L.C. (hereafter referred to as TLT), was a Limited Liability Company registered in the State of Louisiana. Titus was the Registered Agent and Member of TLT.

7.      QCI Marine Services, L.L.C. (hereafter referred to as QCI), was a non-Louisiana Limited Liability Company doing business in the State of Louisiana and other states in the United States. QCI owned 24.5 percent of GSL. QCI was responsible for processing the accounts payable for GSL at the behest of Titus.

**B.     THE SCHEME:**

Beginning at a time unknown but prior to June 2, 2008, through the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendant, **DOMINICK FAZZIO**, and others known and unknown to the Grand Jury did knowingly and willfully devise and intend to devise a scheme and artifice to defraud GSL and to obtain money by means of false pretenses, promises and representations by fraudulently creating invoices for services never rendered to GSL and causing

payments to be made by GSL ultimately to **FAZZIO** and Titus for such fraudulent invoices.

C.    **THE CONSPIRACY:**

Beginning at time unknown, but before June 2, 2008, and continuing through the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendant, **DOMINICK FAZZIO** and others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree with each other to knowingly and willfully cause mail matter to be delivered by interstate commercial carriers for the purpose of executing the scheme set forth above in violation of Title 18, United States Code, Section 1341.

D.    **OVERT ACTS:**

In furtherance of the conspiracy and to accomplish its purposes, the defendant and others committed the following overt acts, among others, in the Eastern District of Louisiana and elsewhere:

<u>**OVERT ACTS 1 - 18**</u>

1.    At an exact time unknown but prior to June 2, 2008, **FAZZIO** and Titus agreed to create fraudulent invoices made payable from GSL to companies controlled by **FAZZIO**.

2.    At an exact time unknown but prior to June 2, 2008,  **FAZZIO** and Titus agreed that **FAZZIO** would retain a portion of the amount paid by GSL to the companies controlled by **FAZZIO** as payment for his role in the fraud scheme.

3

3.      At an exact time unknown but prior to June 2, 2008, **FAZZIO** and Titus

agreed that **FAZZIO** would then send the remaining money sent from GSL

back to Titus through Titus' company, TLT and/or make payments to other

entities on Titus' behalf.

4.      On or about June 2, 2008, **FAZZIO** and Titus caused CCMH to

fraudulently invoice GSL in the amount of $84,200.

5.      On or about June 11, 2008, **FAZZIO** and Titus caused QCI to issue a

check on behalf of GSL to CCMH in the amount of $84,200.

6.      On or about November 28, 2008, **FAZZIO** and Titus caused CCMH to

fraudulently invoice GSL in the amount of $108,400.

7.      On or about December 10, 2008,  **FAZZIO** and Titus caused QCI to issue

a check on behalf of GSL to CCMH in the amount of $108,400.

8.      On or about November 28, 2010, **FAZZIO** and Titus caused CCMH to

fraudulently invoice GSL in the amount of $36,400.

9.      On or about January 4, 2011, **FAZZIO** and Titus caused QCI to issue a

check on behalf of GSL to CCMH in the amount of $36,400.

10.     On or about September 4, 2009, **FAZZIO** and Titus caused W.C.S., Inc.

to fraudulently invoice GSL in the amount of $209,320.

11.     On or about October 9, 2009, **FAZZIO** and Titus caused QCI to issue a

check on behalf of GSL to W.C.S., Inc. in the amount of $209,320.

12.     On or about January 4, 2010, **FAZZIO** and Titus caused W.C.S., Inc. to

fraudulently invoice GSL in the amount of $762,000.

4

13.    On or about April 21, 2010, **FAZZIO** and Titus caused QCI to issue a check on behalf of GSL to W.C.S., Inc. in the amount of $162,000.

14.    On or about April 21, 2010, **FAZZIO** and Titus caused QCI to mail to Mark Titus, via Federal Express, a check in the amount of $162,000.

15.    On or about October 6, 2010, **FAZZIO** and Titus caused QCI to issue a check on behalf of GSL to W.C.S., Inc. in the amount of $175,000.

16.    On or about October 6, 2010, **FAZZIO** and Titus caused QCI to mail to Mark Titus, via Federal Express, a check in the amount of $175,000.

17.    On or about March 24, 2011, **FAZZIO** and Titus caused QCI to issue a check on behalf of GSL to W.C.S., Inc. in the amount of $150,000.

18.    On or about March 24, 2011, **FAZZIO** and Titus caused QCI to mail to Mark Titus, via Federal Express, a check in the amount of $150,000.

All in violation of Title 18, United States Code, Section 371.

## **COUNTS 2 - 4**

**A.    AT ALL TIMES MATERIAL HEREIN:**

The allegations contained in Count 1, Sections A and B are reincorporated herein by reference.

**B.    MAILINGS:**

On or about the dates listed below, in the Eastern District of Louisiana, the defendant, **DOMINICK FAZZIO** and others as set forth below, for the purpose of executing the scheme and artifice to defraud set forth in Count 1, knowingly and willfully caused checks for payments to be placed in interstate commercial carriers for delivery to the recipient listed below:

5

| COUNT | DATE | SENDER | RECIPIENT | CONTENTS |
|-------|------|--------|-----------|----------|
| 2 | 04/21/2010 | QCI Marine Services, LLC | Mark J. Titus | Check in the amount of $162,000 |
| 3 | 10/06/2010 | QCI Marine Services, LLC | Mark J. Titus | Check in the amount of $175,000 |
| 4 | 03/24/2011 | QCI Marine Services, LLC | Mark J. Titus | Check in the amount of $150,000 |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT 5

### A.     AT ALL TIMES MATERIAL HEREIN:

1.     The allegations contained in Count 1, Sections A and B are reincorporated herein by reference.

2.     Capital One Bank is a financial institution with branches located in Louisiana.

3.     Gulf Coast Bank and Trust is a financial institution with branches located in Louisiana.

4.     Amegy Bank of Texas is a financial institution with branches located in Texas.

5.     CCMH maintains a checking account, number xxxxxx7816, with Capital One Bank.

6.     W.C.S., Inc. maintains a checking account, number xxxxxx2213, with Capital One Bank.

7.     W.C.S., Inc. maintains a checking account, number xxxxx9984, with Gulf Coast Bank and Trust.

6

8.      GSL maintains a checking account, number xxxxxx4664, with Amegy Bank.

9.      A specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1) includes mail fraud in violation of Title 18, United States Code, Section 1341.

**B.      CONSPIRACY:**

Beginning at a time unknown, but before June 2, 2008, and continuing through the date of this Indictment, in the Eastern District of Louisiana and elsewhere, the defendant, **DOMINICK FAZZIO,** and others, did, with the intent to promote the carrying on of the specified unlawful activity set forth in paragraph 9, above, combine, conspire, confederate and agree with each other to knowingly and willfully conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, as further described below which involved the proceeds of said specified unlawful activity with the intent to promote the carrying on of specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction, that is funds, represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i);

**C.      OVERT ACTS:**

On or about the dates below, **FAZZIO** and others caused the following checks from GSL, related to payments for fraudulent invoices, made payable to CCMH to be deposited in CCMH's account, number xxxxx7816, located at Capital One Bank:

7

| OVERT ACT | DATE OF CHECK | CHECK NUMBER | AMOUNT |
|:---:|:---:|:---:|:---:|
| 1 | 06/11/2008 | 2181 | $ 84,200 |
| 2 | 12/10/2008 | 2253 | $108,400 |
| 3 | 01/04/2011 | 2814 | $ 36,400 |

On or about the dates below, **FAZZIO** and others caused the following checks from GSL related to payments for fraudulent invoices made payable to W.C.S., Inc. to be deposited in W.C.S., Inc.'s account, number xxxxx2213, located at Capital One Bank.

| OVERT ACT | DATE OF CHECK | CHECK NUMBER | AMOUNT |
|:---:|:---:|:---:|:---:|
| 4 | 10/15/2009 | 2462 | $209,320 |
| 5 | 04/28/2010 | 2623 | $162,000 |

On or about the dates below, **FAZZIO** and others caused the following checks from GSL, related to payments for fraudulent invoices, made payable to W.C.S., Inc. to be deposited in W.C.S., Inc.'s account, number xxxxx9984, located at Gulf Coast Bank and Trust.

| OVERT ACT | DATE OF CHECK | CHECK NUMBER | AMOUNT |
|:---:|:---:|:---:|:---:|
| 6 | 10/16/2010 | 2755 | $175,000 |
| 7 | 03/24/2011 | 2882 | $150,000 |

On or about the dates below, **FAZZIO** endorsed the following checks from CCMH's account, number xxxxx7816, located at Capital One Bank, made payable to TLT.

8

| OVERT ACT | DATE OF CHECK | CHECK NUMBER | AMOUNT |
|:---------:|:-------------:|:------------:|:------:|
| 8 | 07/18/2008 | 1000 | $25,000 |
| 9 | 07/18/2008 | 1001 | $25,000 |
| 10 | 07/18/2008 | 1002 | $25,000 |
| 11 | 12/31/2008 | 1007 | $25,000 |
| 12 | 12/31/2008 | 1008 | $20,000 |
| 13 | 12/31/2008 | 1009 | $21,400 |

On or about the dates below, **FAZZIO** endorsed the following checks from W.C.S., Inc.'s account, number xxxxx2213, located at Capital One Bank, made payable to TLT.

| OVERT ACT | DATE OF CHECK | CHECK NUMBER | AMOUNT |
|:---------:|:-------------:|:------------:|:------:|
| 14 | 11/02/2009 | 629 | $66,682.91 |
| 15 | 05/02/2010 | 635 | $30,000 |
| 16 | 05/05/2010 | 636 | $26,000 |
| 17 | 05/06/2010 | 637 | $39,850 |
| 18 | 05/07/2010 | 638 | $32,000 |
| 19 | 05/08/2010 | 640 | $22,000 |

On or about the dates below, **FAZZIO** endorsed the following checks from W.C.S., Inc.'s account, number xxxxx9984, located at Gulf Coast Bank and Trust. made payable to TLT.

| OVERT ACT | DATE OF CHECK | CHECK NUMBER | AMOUNT |
|:---------:|:-------------:|:------------:|:------:|
| 20 | 04/24/2011 | 1002 | $50,000 |
| 21 | 04/25/2011 | 1003 | $35,000 |

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 6 - 19

On or about the dates indicated below, in the Eastern District of Louisiana and elsewhere, defendant, **DOMINICK FAZZIO**, did knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, and transfer of funds in the amounts indicated below, such property having been derived from a specified unlawful activity, that is mail fraud in violation of Title 18, United States Code, Section 1341 involving mailings in furtherance of the scheme;

| COUNT | DATE OF TRANSACTION | TYPE OF TRANSACTION | PAYEE | AMOUNT |
|---|---|---|---|---|
| 6 | 07/18/2008 | Check | TLT Properties | $25,000 |
| 7 | 07/18/2008 | Check | TLT Properties | $25,000 |
| 8 | 07/18/2008 | Check | TLT Properties | $25,000 |
| 9 | 12/31/2008 | Check | TLT Properties | $25,000 |
| 10 | 12/31/2008 | Check | TLT Properties | $20,000 |
| 11 | 12/31/2008 | Check | TLT Properties | $21,400 |
| 12 | 11/02/2009 | Check | TLT Properties | $66,682.91 |
| 13 | 05/02/2010 | Check | TLT Properties | $30,000 |
| 14 | 05/05/2010 | Check | TLT Properties | $26,000 |
| 15 | 05/06/2010 | Check | TLT Properties | $39,850 |
| 16 | 05/07/2010 | Check | TLT Properties | $32,000 |
| 17 | 05/08/2010 | Check | TLT Properties | $22,000 |
| 18 | 04/24/2011 | Check | TLT Properties | $50,000 |
| 19 | 04/24/2011 | Check | TLT Properties | $35,000 |

all in violation of Title 18, United Sates Code, Sections 1957 and 2.

10

## NOTICE OF MAIL FRAUD FORFEITURE

1.      The allegations of Counts 1 through 4 of this Indictment are re-alleged

and incorporated by reference as though set forth fully herein for the purpose of

alleging forfeiture to the United States of America pursuant to the provisions of Title 18,

United States Code, Sections 371, 1341, and 981(a)(1)(C), made applicable through

Title 28, United States Code, Section 2461(c).

2.      As a result of the offenses alleged in Counts 1 through 4 defendant,

**DOMINICK FAZZIO**, shall forfeit to the United States pursuant to Title 18, United States

Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code,

Section 2461(c), any and all property, real or personal, which constitutes or is derived

from proceeds traceable to a violation of Title 18, United States Code, Sections 371

and 1341, including but not limited to:

    a.      $1,200,320 in United States currency and all interest an
            proceeds traceable thereto.

    b.      The government specifically provides notice of its intent to
            seek a personal money judgement against the defendant in
            the amount of the fraudulently obtained proceeds.

3.      If any of the property subject to forfeiture, as a result of any act or

omission of the defendants:

    a.      cannot be located upon the exercise of due diligence;
    b.      has been transferred or sold to, or deposited with, a
            third person;
    c.      has been placed beyond the jurisdiction of the Court;
    d.      has been substantially diminished in value; or
    e.      has been commingled with other property which
            cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section

853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Sections 371,1341, and 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

## NOTICE OF MONEY LAUNDERING FORFEITURE

1.    The allegations of Counts 5 through 19 of this Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982.

2.    As a result of the offenses alleged in Count 5 through 19, defendant, **DOMINICK FAZZIO**, shall forfeit to the United States pursuant to Title 18, United States Code, Section 982, all property real or personal, involved in the aforesaid offenses and all property traceable to such property in violation of Title 18, United States Code, Sections 1956 and 1957, including but not limited to:

        a.    $1,200,320 in United States currency and all interest an proceeds traceable thereto.

        b.    The government specifically provides notice of its intent to seek a personal money judgement against the defendant in the amount of the fraudulently obtained proceeds.

3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

        a    cannot be located upon the exercise of due diligence;
        b.    has been transferred or sold to, or deposited with, a third person;
        c.    has been placed beyond the jurisdiction of the Court;
        d.    has been substantially diminished in value; or

      e.     has been commingled with other property
                which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section

982(b)(1) to seek forfeiture of any other property of said defendant up to the value of

the above forfeitable property.

      All in violation of Title 18, United States Code, Sections 982, 1956, and 1957.

**A TRUE BILL:**

**F O R E P E R S O N**

JIM LETTEN
United States Attorney
Louisiana Bar Roll No. 8517

JAN MASELLI MANN
First Assistant U.S. Attorney
Chief, Criminal Division
Louisiana Bar Roll No. 9020

GREGORY M. KENNEDY
Assistant United States Attorney
Louisiana Bar Roll No. 20896

JAMES R. MANN
Assistant United States Attorney
Louisiana Bar Roll No. 20513

SALVADOR R. PERRICONE
Assistant United States Attorney
Louisiana Bar Roll No. 10515

BRIAN M. KLEBBA
Assistant United States Attorney
New York Bar Roll No. 2938728

WILLIAM J. QUINLAN, JR.
Assistant United States Attorney
Louisiana Bar Roll No. 22600

New Orleans, Louisiana
June 24, 2011

FORM OBD-34

No.

UNITED STATES DISTRICT COURT

Eastern __ District of __ Louisiana

Criminal __ Division

## THE UNITED STATES OF AMERICA

vs.

**DOMINICK FAZZIO**

# INDICTMENT

**INDICTMENT FOR CONSPIRACY TO COMMIT MAIL FRAUD, MAIL FRAUD, CONSPIRACY TO COMMIT MONEY LAUNDERING, AND MONEY LAUNDERING**

**VIOLATIONS:**   18 U.S.C. § 371
18 U.S.C. § 1341
18 U.S.C. § 2
18 U.S.C. § 1956(h)
18 U.S.C. § 1957

_A true bill._

_Foreperson_

_Filed in open court this_ _____ _day, of_ ___
_A.D._ 2011.

_Clerk_

_Bail, $_ _____

**GREGORY M. KENNEDY**
Assistant United States Attorney